■ GORDON RIVENBURG, Respondent, v. SPANISH AMERICAN SKIN CO., INC., Appellant.— Appeal from a judgment entered on the verdict of a jury rendered at a Trial Term, Supreme Court, Fulton County. Plaintiff has had judgment for injuries sustained in a fall from a freight elevator in a commercial building owned by the defendant. Plaintiff, in the employ of a third party, was on the elevator for the purpose of loading freight on a truck which was backed up to the ground floor elevator door. There is a sharply pointed

up question of fact as to how the accident occurred. Plaintiff testified that the elevator had been stopped at the level of the loading platform and he had begun, while the elevator was standing still, to load the truck, the tailboard of which was then higher than the position of the elevator, when the "elevator moved and I got throwed off balance", falling out onto the macadam pavement in the yard. Testimony adduced by the defendant was to the effect that the elevator had stopped at the level of the truck tailboard and that while the elevator was standing still plaintiff fell out of the elevator while lifting or moving a package. Statutory provisions and public regulations affecting the safety of elevators would have no relevancy to this case unless the plaintiff's fall had been induced by the movement of the elevator; and hence the decisive issue was whether the fall was caused by an unexpected movement of the elevator or whether it was not connected with elevator movement. The main charge of the court to the jury was in general terms which did not specifically draw this factual issue to the attention of the jury. Defendant then requested the court to charge that if the jury found "that the elevator was brought to a complete stop on a level with the platform of the truck before the plaintiff started to remove the bundles, and that this accident occurred thereafter" their verdict must be for the defendant. Since this subject had not been covered in the main charge and since the request was addressed to a vital issue of factual controversy, defendant was entitled to have this instruction given to the jury. Judgment reversed and a new trial ordered, with costs to appellant to abide the event. Foster, P. J., Bergan, Gibson and Reynolds, JJ., concur; Herlihy, J., not voting.